UNITED STATES DISTRICT COURT
DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

CAMILO HERNANDEZ,

    Plaintiff,

v.

KING OCEAN SERVICES LIMITED
(CAYMAN ISLANDS) INCORPORATED
f/k/a King Ocean Services Limited and SUN
TERMINALS, INC.,

    Defendants.

## COMPLAINT

Plaintiff, CAMILO HERNANDEZ ("Plaintiff"), sues the Defendants, KING OCEAN SERVICES LIMITED (CAYMAN ISLANDS) INCORPORATED f/k/a King Ocean Services Limited and SUN TERMINALS, INC. (collectively the "Defendants"), and alleges as follows:

## NATURE OF ACTION

1. This action involves the application of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA"). This is also an action for wrongful, retaliatory discharge, and intimidation, coercion of an employee in violation of Section 440.205 of the Florida Statutes.[1]

---

[1] Plaintiff will file a Charge of Disability Discrimination and Retaliation with the EEOC. As soon as the EEOC issues its Right to Sue, Plaintiff will likely move to amend this complaint to include claims of discrimination and retaliation under the ADA and the FCRA



www.saenzanderson.com

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(3) and (4) and 28 U.S.C. §2617.

3. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because Defendants have its principal place of business within the district, reside in the judicial district and because the employment records of Plaintiff are stored or have been administered, in Miami-Dade County.

4. Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida that are so related to claims in the action within the original jurisdiction of this district Court that they form part of the same case or controversy under Article III of the United States Constitution. In particular, Plaintiff is bringing claims under Fla. Stat. Section 440.205.

5. The acts or omissions giving rise to this Complaint occurred in whole or in part in Miami-Dade County, Florida.

6. All conditions precedent to bringing this action have occurred, been performed or been excused.

## PARTIES

7. At all times material, Plaintiff was and is a resident of Miami-Dade County, Florida.

8. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).



www.saenzanderson.com

9. At all times material, KING OCEAN SERVICES LIMITED (CAYMAN ISLANDS) INCORPORATED f/k/a King Ocean Services Limited was a Foreign Profit Corporation, having its main place of business in Miami-Dade County, Florida.

10. At all times material, and SUN TERMINALS, INC. was a Florida Profit Corporation, having its main place of business in Miami-Dade County, Florida.

11. At all times material, Defendants were an "employer" as defined by 29 U.S.C.§ 2611(4).

12. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

**GENERAL ALLEGATIONS**

13. At all times material, Plaintiff was employed by Defendants as a repairman from April 3, 2018, until his wrongful termination on May 8, 2020.

14. Plaintiff performed his work admirably and was revered by his colleagues with whom he worked.

15. In or about March 2, 2020, Plaintiff suffered a work-related injury when he was severely burned on his left ankle by a piece of molten metal.

16. The injury happened while Plaintiff was working for Defendants and required medical treatment.

17. Plaintiff immediately complained to Defendants about the agonizing pain and requested medical attention.


www.saenzanderson.com

3

18. At all times material, Plaintiff kept Defendants informed of his severe medical condition and need for ongoing medical treatment.

19. Plaintiff saw his physician and was diagnosed with a burn of the second degree to his left ankle.

20. About four (4) days later, and upon feeling discomfort in his hip, back, and leg, Plaintiff rushed to emergency room where doctors found molten metal inside his foot, which caused serious infections.

21. In or about April of 2020, Plaintiff hired an attorney to help him with his work-related claim.

22. On or about May 8, 2020, Defendants informed Plaintiff that he must return to work or else he abandoned his job. In response, Plaintiff informed Defendants that he could not physically work because he was in a wheelchair, incapacitated, and needed to take a leave of absence.

23. Defendants thereafter constructively discharged Plaintiff.

24. Plaintiff's work prior to his discharge was satisfactory or more than satisfactory.

## COUNT I: INTIMIDATION OR COERCION

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-24 above as if set out in full herein.

26. Fla. Stat. § 440.205 states: "No employer shall discharge, threaten to discharge, **intimidate, or coerce** any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law."

27. Plaintiff's work prior to his discharge was satisfactory or more than satisfactory.



www.saenzanderson.com

4

28. Plaintiff made a valid claim for compensation or attempted to claim compensation under the Worker's Compensation Law.

29. By reprimanding and threatening Plaintiff because he needed a leave of absence and could not work due to his injuries, Defendants intimidated or coerced Plaintiff.

30. The sole apparent reason for the intimidation, harassment, or coercion of Plaintiff was that Plaintiff sought or attempted to seek compensation under the Workers' Compensation Law, as Plaintiff was entitled to do.

31. A motivating factor which caused the Plaintiff's intimidation, harassment, or coercion as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq. Alternatively, Plaintiff would not have been coerced, harassed, or intimidated but for him claiming worker's compensation benefits as described above.

32. Defendants' harassment, intimidation, or coercion of Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, Plaintiff has been damaged.

33. By reason of Defendants' wrongful coercion, intimidation, or harassment of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and suffered severe emotional distress.

34. Defendants' conduct in wrongfully coercing, intimidating, or harassing Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants for all back wages from the date it first harassed, coerced, or intimidated Plaintiff to the present; front wages; compensatory mental damages; and for any and all other relief that this Court may deem just and proper.



www.saenzanderson.com

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury of all issues so triable.

**COUNT II: DISCHARGE**

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-24 above as if set out in full herein.

36. Fla. Stat. § 440.205 states: "No employer shall **discharge**, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law."

37. Plaintiff's work prior to his discharge was satisfactory or more than satisfactory and the sole apparent reason for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation under the Workers' Compensation Law, as Plaintiff was entitled to do.

38. A motivating factor, which caused the Plaintiff's discharge as described above, was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq. Alternatively, Plaintiff would not have been fired but for him claiming worker's compensation benefits as described above.

39. Defendants' termination of Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, Plaintiff has been damaged.

40. By reason of Defendants' wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and emotional distress.

41. Defendants' conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights.



www.saenzanderson.com

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants for all back wages from the date of discharge to the present; front wages; compensatory mental damages; and for any and all other relief that this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## COUNT III: INTERFERENCE WITH FMLA RIGHTS

42. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-24 above as if set out in full herein.

43. Plaintiff was an " eligible employee" and entitled to leave under the FMLA.

44. At all times material, Plaintiff gave proper notice to Defendants by informing Defendants of his medical condition.

45. Plaintiff provided enough information for Defendants to know that his leave, or potential leave, may be covered by the FMLA.

46. Defendants were aware that Plaintiff was unable to work due to his medical condition.

47. At all times material hereto, Plaintiff communicated with Defendants regarding his medical condition.

48. Defendants had knowledge of Plaintiff's medical condition and the reason for Plaintiff's absences and upcoming absence from work.

49. Despite its knowledge of Plaintiff's medical condition, Defendants failed to notify Plaintiff of his eligibility status and rights under the FMLA and failed to notify Plaintiff whether his leave was or could be designated as FMLA leave.



www.saenzanderson.com

7

50. Instead of informing Plaintiff of his rights, Defendants terminated Plaintiff for no cause.

51. Defendants interfered with Plaintiff's rights to take leave under the FMLA and denied him the benefits to which he was entitled.

**WHEREFORE**, Plaintiff demands judgment against Defendants, as follows:

a. Enter judgment in Plaintiff's favor and against Defendants for its violations of FMLA;

b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award Plaintiff liquidated damages based on Defendants' conduct;

d. Award Plaintiff prejudgment interest on his damages award;

e. Award Plaintiff reasonable costs and attorney's fees;

f. Award Plaintiff any further relief pursuant to the FMLA; and,

g. Grant Plaintiff such other and further relief as this court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff, Plaintiff requests a trial by jury on all issues so triable.

Dated: November 11, 2020.                    Respectfully submitted,

**By:/s Tanesha Blye**
Tanesha Blye, Esquire
Fla. Bar No.: 738158
Email: tblye@saenzanderson.com

Yadhira Ramirez-Toro, Esquire
Fla. Bar No.: 120506
Email: yramirez@saenzanderson.com

R. Martin Saenz, Esquire
Fla. Bar No.: 0640166



www.saenzanderson.com

8

                                  Email: msaenz@saenzanderson.com

                                  SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*



www.saenzanderson.com

9