UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-cv-24632-CMA

CAMILO HERNANDEZ,

    Plaintiff,

vs.

KING OCEAN LIMITED
(CAYMAN ISLANDS) INCORPORATED,
and SUN TERMINALS, INC.,

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND TO ALTER / VACATE JUDGMENT PURSUANT TO RULES 52(b), 59(e) AND 60(b)(1), (2) AND (3), <u>IN LIGHT OF NEWLY DISCOVERED EVIDENCE</u>**

Plaintiff, Camilo Hernandez ("Plaintiff"), by and through undersigned counsel, and pursuant to the applicable rules of procedure, respectfully requests that this Court reconsider its Order [ECF No. 53], which granted Defendants' motion for summary judgment and enter an order denying said motion instead. Plaintiff brings this motion pursuant to Fed. R. Civ. P. 52(b), 59(e) and 60(b) on the basis of newly discovered evidence that was not available to Plaintiff until approximately 5:00 p.m., Friday, July 29, 2022, which was after the close of briefing on Defendants' motion and entry of this Court's Order on same. The newly discovered evidence dramatically alters the contours of this case and compels reconsideration of the Court's Opinion. In light of newly discovered evidence, Plaintiff states the following:

**PROCEDURAL HISTORY**

Plaintiff filed his Complaint on November 11, 2020, and Amended Complaint on September 24, 2021, alleging claims under the Family and Medical Leave Act of 1993, 29

1

U.S.C. § 2601 *et seq.* ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), and the Florida Civil Rights Act of 1992, Fla. Stat. § 760 et seq. ("FCRA"). Pursuant to this Court's Scheduling Order entered on October 12, 2021, trial of this matter was scheduled to commence during the Court's 2-week calendar beginning on August 15, 2022. During litigation, all parties sought written discovery and took depositions. At the close of discovery, Defendants filed their Motion for Summary Judgement on April 27, 2022 (hereinafter "Defendants' Motion") [ECF No. 34], Plaintiff filed his response on May 19, 2022 [ECF No. 37], Defendants filed their reply on May 26, 2022 [ECF No. 42], and this Court entered its Order granting Defendants' Motion on July 6, 2022 [ECF No. 53].

## NEWLY DISCOVERED EVIDENCE

Since the Parties completed briefing on Defendants' Motion, facts have come to light concerning Plaintiff's response after receipt of Defendants' letter to Plaintiff, dated June 9, 2020, requesting Plaintiff either return to work or contact Defendants to advise that he could not return to work on or before June 11, 2020 (hereinafter, "June 9th Letter"). Recent evidence, which was not available to Plaintiff at the time Plaintiff filed his response, proves that Plaintiff timely responded to Defendants' June 9th Letter, via email to Yesenia Vazquez-Lockhart, the Defendants' claims adjuster who handled Plaintiff's worker's compensation case. The newly discovered evidence additionally indicates Defendants were privy to this evidence at pivotal times during this litigation, including during the discovery and motion stages. If Defendants were privy to the newly discovered email, Defendants were obligated, under the applicable rules of civil procedure, to produce this evidence to Plaintiff, or at the very least refrain from making representations that Plaintiff did not respond to the June 9th Letter.

## RELEVANT FACTS

1. Plaintiff filed his Complaint alleging that Defendants wrongfully terminated him approximately three (3) months after he sustained a severe work-related injury on March 2, 2020, and while he continued to receive medical care and treatment for his injury, in violation of Florida Statute Section 440.205, the FMLA, and the ADA.

2. Defendants defended against Plaintiff's claims by arguing throughout this litigation that Plaintiff voluntarily resigned from his position or abandoned his job with Defendants, when Plaintiff failed to return to work **or to respond to the June 9th Letter no later than June 11, 2020**, wherein Defendants stated, in pertinent part:

> Please note that your job position is available for you and the company is expecting you to return to work immediately. If you no longer wish to be employed by Sun Terminals, Inc. and are voluntarily resigning you job, please let us know by return mail, text or email no later than 06/11/2020. If by Thursday 06/11/2020 we have not heard back from you, the company will assume that you have voluntarily abandoned the job.

*See* **June 9, 2020 letter** attached hereto, in pertinent part, as **Exhibit "A."**

3. In Defendants' Motion they continued to make the same representation, i.e., that Plaintiff did not suffer an adverse employment action because he voluntarily resigned when he failed to return to work **or to respond to the June 9th Letter no later than June 11, 2020.**

4. After briefing on Defendants' Motion concluded and this Court entered its Order granting Defendant's Motion, Plaintiff received critical evidence, which he believes would have had a significant impact on this Court's ruling on Defendant's Motion. Plaintiff believes the consideration of the newly discovered evidence might have resulted in the Court denying Defendants' Motion.

5. At approximately 4:48 PM, Friday, July 29, 2022, an email was forwarded to Plaintiff's undersigned counsel, which included an email Plaintiff's worker's compensation

attorneys sent to Ms. Vasquez-Lockhart on Tuesday, June 9, 2020 at 4:39 PM, which stated the following, in pertinent part:

> Dear Yesenia,
>
> Attached please find our Notice of Appearance and Request to Produce on the claim of Camilo Hernandez, D/A 3/2/2020. In the future please ensure that any communications with our client proceed through our office.
>
> Please note that Mr. Hernandez was sent a return-to-work letter from his Employer asking that sign that he will either return to work on June 11, 2020 or voluntarily resign. Mr. Hernandez is currently hospitalized. It is unclear whether he can return to work on June 11, 2020. He is also not voluntarily resigning.

*See* **New Evidence** attached hereto, in pertinent part, as **Exhibit "B."** Ms. Vasquez-Lockhart was Defendants' worker's compensation claim adjuster.

6. The contents of this email contradicted several representations Defendants made throughout this litigation. Particularly:

   a. On January 13, 2022, in response to Plaintiff's request for "[a]ll documents that are related to communications between Plaintiff and your worker's compensation carrier's adjustor," Defendant Sun Terminals responded, in pertinent part, "Sun Terminals states that it will produce any communications between Plaintiff and its worker's compensation insurance carrier's adjustor, within its possession." *See* **Defendant Sun Terminals Response to Production Number 48**, attached hereto as **Exhibit "C."** Notably, Defendants failed to produce the email to Ms. Vazquez-Lockhart, dated June 9, 2020, sent in response to the June 9th Letter.

   b. During deposition on March 24, 2022, Defendant Sun Terminals' Corporate Representative, Isabella Montealegre ("Montealegre"), testified that Plaintiff never returned to work and never responded to the June 9th Letter. *See* **Deposition Transcript for Montealegre**, attached hereto, in pertinent part, as **Exhibit "D."**

   c. Montealegre, who appeared in this litigation as Defendant Sun Terminal's corporate representative, provided a Declaration, dated April 27, 2022, in which she stated, "Hernandez never responded to the June 9, 2020 Return to Work Letter. No one ever responded on his behalf." *See* ECF No. 33-1 at ¶ 34. Montealegre further provided, "[b]ased on his failure to respond to the June 9, 2020 Return to Work Letter, his failure to provide any updated medical records, and his failure to return to work by June 11, 2020, Sun Terminals

4

        deemed Hernandez to have abandoned his job as of June 12, 2020." *See Id.* at ¶ 37.

    d. In Defendants' Statement of Material Facts filed in support of Defendants' Motion, Defendant Sun Terminals provided that "Sun Terminals never received a response to the June 9, 2020 Return to Work Letter from Hernandez (or anyone on his behalf) …" (ECF No. 33 at ¶ 50) and "Hernandez never returned to work after receiving the June 9, 2020 Return to Work Letter and allowed the June 11, 2020 deadline to pass without any communication to Sun Terminals" (ECF No. 33 at ¶ 52). Sun Terminals further highlighted the importance placed on Plaintiff's alleged failure to respond by stating "***[b]ased on his failure to (1) respond to the June 9, 2020 Return to Work Letter***; … as requested, Sun terminals deemed Hernandez to have abandoned his job as of June 12, 2020*"* (ECF No. 33 at ¶ 54, ***emphasis added***). "***Sun Terminals decision to treat Hernandez's job as abandoned was based only on his failure to return <u>or respond</u> to the June 9, 2020, Return to Work Letter***." (ECF No. 33 at ¶ 55, ***emphasis added***).

7.    Additionally, Plaintiff testified during his deposition that he did not know whether a response was sent to Defendants June 9th Letter, but that he never wanted to lose his job. *See* **Deposition Transcript of Camilo Hernandez**, dated February 15, 2022, attached hereto, in pertinent part at p. 72:16 – 73:1 and 84:3 -85:19, as **Exhibit "E."**

8.    The newly discovered evidence clearly negates Defendants' representation. It is clear from the June 9th Email, sent on Plaintiff's behalf, that Plaintiff did not voluntarily resign from his position with Defendants.

9.    Moreover, the newly discovered evidence addresses the heart of this Court's Order. Particularly, in its Order, this Court repeatedly stated that Plaintiff's failure to return to work or to respond to the June 9th Letter provided Defendants a legitimate, nondiscriminatory reason for terminating Plaintiff. *See* ECF No. 53 at p. 13, 18, 19 and 22.

10.    Plaintiff reasonably believes that Ms. Vazquez-Lockhart's conduct is imputed to the Defendants. Defendants represented Ms. Vazquez-Lockhart as a person working on their behalf similar to Montealegre. For example, Plaintiff often received email correspondence which

included both Ms. Vazquez-Lockhart and Montealegre. *See* **E-Mails to and from Ms. Vazquez-Lockhart, Montealegre and Plaintiff**, attached hereto as **Exhibit "F."** Additionally, Montealegre repeatedly referred Plaintiff to discuss employment matters Ms. Vazquez-Lockhart. *See* **Text Messages between Montealegre and Plaintiff**, attached hereto as **Exhibit "G."** Ms. Vazquez-Lockhart is and was at all times relevant, undoubtedly, an agent of the Defendants.

11.     Given the new evidence discovered, and the need to prevent manifest injustice, Plaintiff respectfully requests that this Court reconsider its Order granting Defendants' Motion. In the alternative, Plaintiff respectfully requests that this Court schedule an evidentiary hearing to allow the parties to present evidence to prove or disprove that the email to Ms. Vazquez-Lockhart was in Defendants' possession, custody and control, or that despite due diligence Plaintiff was unable to acquire the email to Ms. Vazquez-Lockhart.

## MEMORANDUM OF LAW

### A. Motion for Reconsideration Standard

The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000); *Edwards v. United States*, 295 F. App'x 320, 321 (11th Cir. 2008) (quoting *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006)). Reconsideration is appropriate where "(1) an intervening change in controlling law has occurred; (2) new evidence has been discovered; or (3) there is a need to correct clear error or prevent a manifest injustice." *Barr v. Harvard Drug Grp., LLC*, No. 13-cv-62019-KAM, 2015 U.S. Dist. LEXIS 191368, at *7 (S.D. Fla. Dec. 4, 2015); *see also Williams v. Cruise Ships Catering & Serv. Int'l, N.V.,* 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004) (stating that Courts have delineated three major grounds justifying reconsideration).

District courts have broad discretion to reconsider interlocutory orders at any time prior to final judgment. *See Harper v. Lawrence Cty., Ala.*, 592 F.3d 1227, 1231-32 (11th Cir. 2010).

    **B. Argument**

    I.    **Pursuant to Fed. R. Civ. P. 60(b), Plaintiff should be relieved from this Court's Order granting Defendant's Motion for Summary Judgment, based on the newly discovered evidence.**

Fed. R. Civ. P. 60(b) provides:

> GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> **(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);**
>
> **(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;**
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> **(6) any other reason that justifies relief.**

**(emphasis added)**. Rule 60 applies to motions for reconsideration on matters collateral to the merits. *Aird v. United States*, 399 F.Supp.2d 1305, 1310 n.7 (S.D. Ala. 2004) (citing *Finch v. City of Vernon*, 845 F.2d 256, 258 (11th Cir. 1988)). Under a Rule 60 motion, a party is able to raise additional basis for relief from judgment aside from mistake, newly discovered evidence and clear error. *See* Fed. R. Civ. P. 60; *see also Gulf Power Co. v. Coalsales II*, LLC, 2011 WL 3269412, 2011 U.S. Dist. LEXIS 83428 at *2-4 (N.D. Fla. July 29, 2011) (discussing difference between Rule 59(e) and Rule 60). "By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the

'incessant command of the court's conscience that justice be done in light of all the facts.'" *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970)). Claims made under provisions one, two and three of Rule 60(b) must be filed within one year of the judgment, order or proceeding that is the subject of the claim. FRCP 60(b). A claim made under Rule 60(b)(6) must be filed "within a reasonable time." *Id*. In any event, whether to grant relief pursuant to Rule 60(b) is ultimately a matter of discretion. *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (quoting *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006)).

In this case, Plaintiff raises additional arguments not included in Plaintiff's arguments to amend the Order pursuant to Fed. R. Civ. Proc. 52 and 59, herein below. This motion is not Plaintiff's endeavor to reiterate arguments previously made, and the arguments raised pursuant to FRCP 60 have not been previously submitted for this Court's consideration. *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992); *see also Compania de Elaborados de Cafe v. Cardinal Capital Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003) ("[T]he movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived.").

> **a. Pursuant to Fed. R. Civ. P. 60(b), Plaintiff should be relieved from this Court's Order granting Defendant's Motion for Summary Judgment, on grounds that the newly discovered evidence could not have been discovered in time.**

Rule 60(b)(2) provides relief from a judgment or final order for "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). For the court to grant relief based upon newly discovered evidence under Rule 60(b)(2), a movant must meet a five-part test: (1) the evidence must be newly discovered since the [order]; (2) due diligence on the part of the movant to

discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new [order] would probably produce a new result. *See Ross v. Corporation of Mercer University*, Civil Action No. 5:05-cv-13 (HL) (M.D. Ga. May 23, 2007).

Here, the email was not discovered by Plaintiff until Plaintiff's worker's compensation attorney forwarded the email to Plaintiff's employment counsel at approximately 5:00 pm, Friday, July 29, 2022, which was several weeks after this Court entered its Order on July 6, 2022. During this litigation, Plaintiff exercised due diligence by requesting "[a]ll documents that are related to communications between Plaintiff and your worker's compensation carrier's adjustor". *See* **Exh. C**. While Defendant Sun Terminals responded that it would produce communications between Plaintiff and its worker's compensation insurance carrier's adjustor, Defendant failed to produce this evidence and proceeded to represent, repeatedly, that Plaintiff did not respond to the June 9th Letter. *See* **Exh. C**. The email is not merely cumulative or impeaching, but is material, in that it relates to whether Plaintiff suffered an adverse employment action, when Defendants terminated Plaintiff's employment after Plaintiff responded to Defendants' June 9th Letter, as requested. *See* **Exh. B**. Accordingly, should the Court consider Plaintiff's Responsive June 9th Email, it may amend its Order and deny Defendants' motion. *See* ECF No. 53.

Pursuant to FRCP 60(b)(2), Plaintiff respectfully requests that this Court reconsider its Order [ECF No. 53], which granted Defendants' Motion, and enter an order denying said motion instead.

> **b. Yesenia Vazquez-Lockhart acted as an agent of Defendants and therefore Defendants committed fraud, pursuant to Fed. R. Civ. P. 60(b)(3), when they misrepresented throughout this litigation that Plaintiff did not respond to the June 9th Letter.**

It is settled law that an agent acts with apparent authority when a principal holds the agent out to a third person as having authority under which he acts, and the third person has been misled to its detriment. *See Pycsa Panama S.A. v. Tensar Eathc Technologies*, 655 F. Supp 2d 1198, 1252 (S.D. Fla. 2008) (stating that Florida courts apply "a three-prong test under general agency law in order to determine the existence of apparent agency: first, whether there was a representation; and, finally, whether the third party changed position in reliance upon the representation and suffered detriment") (citing *Almerico v. RLI Ins*. Co., 716 So. 2d 774, 777 (Fla. 1998)).

There is ample support in the record for an interpretation that Ms. Vazquez-Lockhart acted as an agent for Defendants, under the apparent agency theory. First, Defendants made several representations related to Ms. Vazquez-Lockhart. Defendants represented that Ms. Vazquez-Lockhart was an agent of Defendants, when Defendants, through Sun Terminals' corporate representative, Montealegre, repeatedly referred Plaintiff to discuss his employment issues with Ms. Vazquez-Lockhart, rather than her, and participated in work-related email correspondence between Plaintiff and Ms. Vazquez-Lockhart by including Montealegre. *See* **Exhs. F** and **G**. Defendants further represented throughout this litigation that Defendants never received a response to Defendants' June 9th Letter, when in fact on June 9, 2020, Plaintiff's worker's compensation attorney responded to Defendants' June 9th Letter, on Plaintiff's behalf, via email sent to Ms. Vazquez-Lockhart on the same day. *See* **Exh. B**. Nevertheless, throughout this litigation Plaintiff changed his position in reliance on Defendants' representations, and therefore did not submit evidence (he did not have at the time) that Plaintiff in fact responded to Defendants' June 9th Letter, which caused this Court to grant this Defendants' Motion. *See* **Exhs. A**, **B**, **C**, **D, and E**. Plaintiff contends that throughout this litigation, and at the time it made its

representations, Defendants had notice, possession, custody and/or control of Plaintiff's June 9th email to Yesenia and failed to produce the email in discovery and/or to the Court. Plaintiff asserts that Defendants' failure to produce Plaintiff's June 9th email, the content of which was material to the core issues in Plaintiff's case, amounted to fraud.

Plaintiff alleges that Defendants committed fraud and fraud by concealment throughout this litigation when Defendants failed to disclose material facts and failed to reveal the June 9th Email. Claims for fraud by concealment and common law fraud share a common element of detrimental reliance. *Sreenivasan Asokan, Chakravarthy Raghavan, Nanni Pidikiti, Rakesh Parekh, Ram Reddy, Madhubala Reddy, Rodger Lodge, Anuradha Asokan, Indep. Anesthesia Servs., P.A. v. Am. Gen. Life Ins. Co.*, 302 F. Supp. 3d 1303, 1314 (M.D. Fla. 2017). Both require the plaintiff to have detrimentally relied upon either a false statement of material fact (fraud), or a concealed material fact (fraud by concealment), made by the defendant. *Id*. at 1314-15. The elements of fraud are: "(1) the defendant made a false statement about a material fact; (2) the defendant knew or should have known [the statement] was false; (3) the defendant made the statement with intent to induce reliance on it; and (4) because of her justifiable reliance on the statement, the plaintiff was injured." *Dunkel v. Hamilton*, No. 3:15-CV-949-J-34PDB, 2016 WL 4844662, at *11 (M.D. Fla. Aug. 8, 2016), *report and recommendation adopted*, No. 3:15-CV-949-J-34PDB, 2016 WL 4765740 (M.D. Fla. Sept. 13, 2016). The elements of fraud by concealment are: "(1) the defendant concealed or failed to disclose a material fact; (2) the defendant knew or should have known the fact should be disclosed; (3) the defendant knew her concealment or failure to disclose would induce the plaintiff to act; (4) the defendant had a duty to disclose the fact; and (5) the plaintiff detrimentally relied on the misinformation." *Dunkel*, 2016 WL 4844662, at *11.

Plaintiff asserts that Defendants made, concealed, or failed to disclose a material fact when Defendants failed to disclose Plaintiff's June 9th Email sent to Ms. Vazquez-Lockhart. Throughout this litigation, Defendants knew or should have known that their misrepresentations regarding Plaintiff's response or failure to respond to the June 9th Email were false. Defendants failed to disclose the falsity of their representation. Defendants knew their concealment or failure to disclose would induce Plaintiff to proceed throughout this litigation as if his worker's compensation attorneys had not sent the correspondence on his behalf, and therefore Defendants intended to induce reliance on its representations. Pursuant to applicable rules of civil procedure, Defendants were obligated to disclose the June 9th Email. Plaintiff, in fact, detrimentally relied on Defendants' representation that Plaintiff did not respond to the June 9th Email and wrongfully concealed the June 9th Email. Defendants' misrepresentations and concealment were justifiably relied on by Plaintiff and caused Plaintiff to suffer damages in the form of termination from his employment.

Pursuant to FRCP 60(b)(3) Plaintiff respectfully requests that this Court reconsider its Order [ECF No. 53], which granted Defendants' Motion, and enter an order denying said Motion instead.

### c. Pursuant to Fed. R. Civ. P. 60(b), Plaintiff should be relieved from this Court's Order granting Defendant's Motion for Summary Judgment, on grounds that the newly discovered evidence justifies relief.

Fed. R. Civ. P. 60(b)(6) provides a catch-all, authorizing a court to grant relief from a judgment for 'any other reason that justifies relief.'" *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (quoting Fed. R. Civ. P. 60(b)(6)). Given the potential that Defendants may have had notice, possession, custody and/or control of the June 9th Email responding to Defendants' June 9th Letter, Plaintiff respectfully requests that this Court

reconsider its Order [ECF No. 53] granting Defendants' Motion, and enter an order denying said motion instead, pursuant to FRCP 60(b)(6).

II. **Pursuant to Fed. R. Civ. P. 52(b) and 59(e), this Court's Order granting Defendants' Motion for Summary Judgment, should be amended, considering the newly discovery evidence.**

Fed. R. Civ. Proc. 52(b) provides:

> (b) AMENDED OR ADDITIONAL FINDINGS. On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59.

Fed. R. Civ. Proc. 59(e) provides:

> (e) MOTION TO ALTER OR AMEND A JUDGMENT. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

FRCP 52(b) permits the court to amend its findings or make additional findings on a party's motion, while FRCP 59(e) allows the court to alter or amend a judgment on a party's motion. *Schmidt v. Rodrigues*, 641 F. App'x 913 at *5 (11th Cir. 2016). "Where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." *Mays v. United States Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997). Plaintiff avers for reconsideration that new evidence developed since briefing, in the form of an email Plaintiff recently received from his worker's compensation attorneys, that he did not have or know existed when this Court's order was issued. The new evidence could not have been discovered or produced any sooner in this litigation. Accordingly, this motion is not Plaintiff's attempt to have two bites at the apple, which Plaintiff realizes is not permitted under the law. *See Adams v. Boeneman*, No. 6:18-cv-72-Orl-41GJK, 2020 WL 3086313, at *2 (M.D. Fla. May 4, 2020)

(quoting *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)).

## CONCLUSION

In order to prevent a manifest injustice, Plaintiff respectfully requests that this Court reconsider its Order granting Defendants' Motion [ECF No. 53], deny said motion, and reset trial. Alternatively, Plaintiff respectfully requests an evidentiary hearing on this matter, to determine whether Defendants fraudulently represented that Plaintiff never responded to the June 9, 2020, letter and/or whether despite due diligence, Plaintiff was unable to obtain the newly acquired evidence proving that he in fact responded to the June 9th Letter.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movant conferred with counsel for Defendants on August 3, 2022, via telephone conference, regarding this Motion, and on August 3, 2022, counsel for Defendants informed that Defendants object to Plaintiff's relief sought.

Dated: August 3, 2022.                                     Respectfully submitted,

By: **/s/Tanesha W. Blye**
Tanesha Walls Blye, Esq. (FBN: 0738158)
E-mail: tblye@saenzanderson.com

R. Martin Saenz, Esq. (FBN: 0640166)
E-mail: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549

*Counsel for Defendants*